UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TONY A. WILSON, | : |
|     Plaintiff, | : |
| v. | :   NO. 3:08 CV 1399 (MRK) |
| HOWARD E. EMOND, | : |
|     Defendant. | : |

## RULING AND ORDER

Defendant Howard Emond has filed a Motion to Dismiss [doc. # 16] Plaintiff Tony Wilson's Complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the *Federal Rules of Civil Procedure*. The Court issued a Notice [doc. # 17] to Mr. Wilson, advising him that he should respond to Mr. Emond's motion by March 10, 2009 and warning him that if he failed to respond, the Court might dismiss his complaint for the reasons stated in Mr. Emond's memorandum of law. On March 5, 2009, Mr. Wilson filed a Motion to Strike [doc. # 21] certain documents attached to Mr. Emond's motion, including the Florida Supreme Court's order dated July 7, 2008 and proposed findings and recommendations of the United States District Court for the Northern District of Florida dated January 13, 2009. On March 25, 2009, Mr. Wilson filed a Motion to Appoint Counsel [doc. # 23]. To this date, Mr. Wilson has not otherwise responded to Mr. Emond's Motion to Dismiss.

In this case, Mr. Wilson sues Mr. Emond, who is the Deputy Director of Attorney Services of the Connecticut Bar Examining Committee ("CBEC"). According to Mr. Wilson, certain unconstitutional actions and statements by Mr. Emond were the direct cause of the CBEC's decision to deny him admission to the Connecticut bar on character and fitness grounds. Mr. Emond is not a member of the CBEC but is employed by the CBEC's Administrative Office and acted as a liaison

between Mr. Wilson and the CBEC. Mr. Wilson alleges violations of the First and Fourteenth Amendments and well as the Full Faith and Credit Clause.

To the extent Mr. Wilson seeks damages, his claims are barred by absolute immunity. All of Mr. Wilson's allegations against Mr. Emond fall into two categories. First, he makes allegations concerning Mr. Emond's testimony at the CBEC hearing on his bar application. *See, e.g.*, Compl. [doc. # 3] at 14 ("At the formal hearing, Mr. Emond knowingly, maliciously, and falsely testified to the Chairman."). Second, he makes allegations concerning Mr. Emond's investigation into Mr. Wilson's character and fitness prior to the hearing. *See, e.g.*, *id.* at 11 ("Mr. Emond had a statutory duty to give Mr. Wilson an opportunity to demonstrate his present good moral character and fitness despite any alleged particular past conduct.").

Mr. Emond enjoys absolute witness immunity for any statement made in his role as a witness at the CBEC hearing. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983); *Sykes v. James*, 13 F.3d 515, 521 (2d Cir. 1993). Mr. Emond also enjoys quasi-judicial immunity for any actions taken in his role as an investigator or liaison for the CBEC. As the Sixth Circuit recently held, members of state character and fitness committees "are entitled to absolute immunity for their actions in investigating [an applicant's] character and fitness to practice law and in making recommendations about the same." *Lawrence v. Welch*, 531 F.3d 364, 372 (6th Cir. 2008). This is so because "determining a particular individual's qualifications and fitness for admission to practice law is an inherently judicial act." *Id.* at 373; *see also Roe v. Johnson*, 334 F. Supp. 2d 415, 424 (S.D.N.Y. 2004) (holding the members of bar examining committee were entitled to absolute immunity). Mr. Emond enjoys quasi-judicial immunity even though any authority he had was delegated to him by the CBEC. In determining whether a defendant is entitled to absolute immunity, courts "focus on

'the nature of the function performed, not the identity of the actor who performed it.'" *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 96 (2d Cir. 2007) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)); *Mangiafico v. Blumenthal*, 358 F. Supp. 2d 6, 15 (D. Conn. 2005) (reiterating that immunity follows function); *see also Peay v. Ajello*, 470 F.3d 65, 70 (2d Cir. 2006) (holding that probation officers enjoy quasi-judicial immunity for the preparation of pre-sentence reports); *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988) (holding that law clerks enjoy quasi-judicial immunity).

To the extent that Mr. Wilson seeks declaratory and injunctive relief, the Court must abstain under *Younger v. Harris*, 401 U.S. 37, 54 (1971). The *Younger* abstention doctrine requires federal courts to abstain from asserting jurisdiction over "federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002). *Younger* abstention applies when three factors are present: (1) there is an ongoing state proceeding; (2) the claim raises important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal constitutional claims. *See Schlagler v. Phillips*, 166 F.3d 439, 441 (2d Cir. 1999).[1] If *Younger* applies, "abstention is mandatory." *Id.* Although *Younger* itself involved an ongoing state criminal case, "[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Washington v. County of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004).

Here, Mr. Wilson has appealed the CBEC's denial of his bar application to Connecticut Superior Court and that case is still pending. *See* Def.'s Mot. to Dismiss [doc. # 16] Ex. 7

---

[1] *Younger* abstention applies to claims for both declaratory and injunctive relief. *See Kirschner v. Klemons,* 225 F.3d 227, 235 (2d Cir. 2000) (citing *Samuels v. Mackell*, 401 U.S. 66, 73 (1971)).

(Complaint in *Wilson v. Connecticut Bar Exam*, CV-08-4039528-S). Moreover, as the Supreme Court held in *Middlesex*, the state "has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses." 457 U.S. at 434. Although *Middlesex* concerned bar disciplinary proceedings, its reasoning applies with equal force to bar admission proceedings. *See Stoddard v. Florida Bd. of Bar Examiners*, 509 F. Supp. 2d 1117, 1122 (N.D. Fla. 2006) ("When an applicant is entitled to admission unless pending charges are sustained, those pending charges are, for purposes of *Younger* and *Middlesex*, no different from charges against an existing member of the Bar. *Middlesex* remains controlling."); *Otrompke v. Chairman of the Comm'n on Character*, No. 03 C 7198, 2004 U.S. Dist. LEXIS 6367, at *8 (N.D. Ill. Apr. 14, 2004) ("[T]he bar admission process amounts to a judicial proceeding within the meaning of *Younger*."); *Lawrence v. Carlin*, 541 F. Supp. 2d 189, 193 (D.D.C. 2008) ("[T]he Court concludes [bar admission] proceedings are inherently 'judicial in nature' and worthy of federal deference under *Younger*."); *Dean v. Mozingo*, 521 F. Supp. 2d 541, 550 (S.D. Miss. 2007).

Furthermore, it is clear that adjudicating Mr. Wilson's claims for injunctive and declaratory relief would interfere with the ongoing state court review of the CBEC's decision denying him admission to the Connecticut bar. He seeks, among other things, an injunction requiring evidence to be made a part of the record, a declaration that the CBEC violated his constitutional rights, and an injunction prohibiting the CBEC from denying him bar admission. *See* Compl. [doc. # 3] at 27. *Younger* abstention requires that such claims be made directly to the state court in which the matter is pending. Finally, the pending state court proceedings will provide Mr. Wilson with ample opportunity to raise any and all constitutional claims he may have. Indeed, Mr. Wilson has already raised many constitutional claims in his state court appeal. *See* Def.'s Mot. to Dismiss [doc. # 16]

Ex. 7. Because all of *Younger*'s requirements are met, abstention is mandatory.[2] The Court therefore must abstain from deciding Mr. Wilson's claims for injunctive and declaratory relief.

In conclusion, Mr. Wilson's claims for damages are barred by absolute immunity and his claims for injunctive and declaratory relief are barred by *Younger* abstention.  Mr. Emond's Motion to Dismiss [doc. # 16] is hereby GRANTED and the case is DISMISSED in its entirely.  The Court need not address Mr. Wilson's Motion to Strike [doc. # 21] because the Court has granted the Motion to Dismiss [doc. # 16] on grounds raised by Mr. Emond that are entirely separate from and do not depend on the documents Mr. Wilson moves to strike.   Mr. Wilson's Motion to Strike [doc. # 21] is therefore DENIED as moot.  Finally, Mr. Wilson's Motion to Appoint Counsel [doc. # 23] is also DENIED as moot.[3]  **The Clerk is directed to close this file.**

---

[2] There are two narrow exceptions to *Younger* abstention. First, abstention may be inappropriate "in cases of proven harassment or prosecutions undertaken by state officials in bad faith." *Diamond "D" Constr. Corp.*, 282 F.3d at 198.  Second, abstention may be inappropriate in "extraordinary circumstances," for example when the state statute at issue "'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'" *Id.* at 201 (quoting *Younger*, 401 U.S. at 53-54)).  There is no evidence that either exception applies in this case, nor has Mr. Wilson argued that either exception should apply.

[3] District courts should first determine whether a plaintiff's claims have any merit before determining whether to appoint counsel.  *See Machadio v. Apfel*, 276 F.2d 103, 108 (2d Cir. 2002); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 171 (2d Cir. 1989).  Having concluded that Mr. Wilson's claims are clearly barred by absolute immunity and *Younger* abstention, the Court believes appointment of counsel is inappropriate.

IT IS SO ORDERED.


/s/  Mark R. Kravitz
United States District Judge


**Dated at New Haven, Connecticut: April 1, 2009.**