UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TONY A. WILSON,  :  <br>          Plaintiff,  : <br> : <br> v.  : <br> : <br> HOWARD E. EMOND,  : <br>          Defendant.  : | NO. 3:08 CV 1399 (MRK) |

### RULING AND ORDER

Mr. Wilson has filed a Motion for Reconsideration [doc. # 26] of this Court's Ruling and Order [doc. # 24] granting Mr. Emond's Motion to Dismiss [doc. # 16]. Mr. Wilson did not file a response to Mr. Emond's Motion to Dismiss even though the Court gave him notice of the motion and urged him to file a response [doc. # 17]. Therefore, all of the arguments Mr. Wilson makes in his Motion for Reconsideration [doc. # 26] are newly-raised arguments. Under District of Connecticut Local Rule 7(a)(1), "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient grounds to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." Moreover, a "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Horsehead Res. Dev. Co., Inc. v. B. U.S. Envtl. Servs., Inc.*, 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (citations and quotation marks omitted). In other words, Mr. Wilson may not use his Motion for Reconsideration [doc. # 26] to make arguments that he should have made, but failed to make, in a response to the Motion to Dismiss [doc. # 16].

However, in light of the fact that Mr. Wilson is proceeding *pro se* and because it is always preferable to decide cases on the merits, the Court will consider his arguments. Having done so, the Court concludes that nothing in Mr. Wilson's motion changes the Court's analysis. Therefore, the

Court reaffirms its previous Ruling and Order [doc. # 24].  Accordingly, Mr. Wilson's Motion for Reconsideration [doc. # 26] is GRANTED insofar as the Court has reconsidered its decision and DENIED insofar as Mr. Wilson seeks to amend the Court's previous Ruling and Order.

The Court has previously recited the facts of this case and will not repeat them here.  Mr. Wilson makes two arguments in his Motion for Reconsideration [doc. # 26].  First, while conceding that *Younger* abstention applies to his claims for injunctive and declaratory relief, Mr. Wilson argues that the "bad faith" exception to *Younger* abstention applies and provides this Court with jurisdiction over his claims.  Second, Mr. Wilson argues that Mr. Emond does not enjoy absolute immunity for his testimony at the CBEC hearing because he was a complaining witness.  The Court will consider each of these arguments in turn.

As the Court noted in its previous Ruling and Order, an exception to *Younger* abstention exists "in cases of proven harassment or prosecutions undertaken by state officials in bad faith." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002).  To invoke the bad faith exception, a plaintiff "must show that the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." *Sica v. Connecticut*, 331 F. Supp. 2d 82, 86 (D. Conn. 2004) (citing *Diamond "D"*, 282 F.3d at 199).  A state proceeding that is "legitimate in its purposes, but unconstitutional in its execution–even when the violations of constitutional rights are egregious–will not warrant the application of the bad faith exception." *Diamond "D"*, 282 F.3d at 199.

It is the plaintiff who has the burden of establishing that the bad faith exception applies. *See id.* at 198.  Importantly, a plaintiff seeking to invoke the bad faith exception "may not rely on conclusory allegations in a complaint or affidavit but must instead 'affirmatively demonstrate the

justification for application of an exception.'" *Sica*, 331 F. Supp. 2d at 86 (citing *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000)). Moreover, when *Younger* abstention is raised on a motion to dismiss, the court is not required to accept the plaintiff's allegations as true and may resolve factual disputes. *See Sica*, 331 F. Supp. 2d at 86 n.2. If there is a question of fact as to whether a defendant acted in bad faith, then an evidentiary hearing is required. *See Kern v. Clark*, 331 F.3d 9, 12 (2d Cir. 2003). However, when the complaint fails to allege any evidence of bad faith or if it does so only in the most conclusory manner, a court can decide whether to invoke the bad faith exception to *Younger* abstention on the basis of the complaint alone. *See Bhatia v. Conway*, NO. 3:06 CV 1334 (MRK), 2006 WL 3741189, at *3 (D. Conn. Dec. 19, 2006); *Sullivan v. Stein*, No. Civ. 3:03CV1203 (MRK), 2005 WL 43439, at *1 (D. Conn. Jan. 4, 2005); *Didden v. Vill. of Port Chester*, 304 F. Supp. 2d 548, 567 (S.D.N.Y. 2004).

Here, Mr. Wilson has not alleged any specific facts that would permit a finding of bad faith. He alleges in conclusory fashion that Mr. Emond acted maliciously but Mr. Wilson provides no facts to back up this allegation. For instance, he alleges that "Mr. Emond maliciously and intentionally violated Mr. Wilson's due process rights by breaching his legal duty by disregarding Mr. Wilson's 20 exhibits." Compl. [doc. # 3] ¶ 28. Mr. Wilson makes many similar allegations throughout his Complaint. *See, e.g., id.* ¶ 30 ("Mr. Emond maliciously, knowingly, and intentionally violated Mr. Wilson's due process rights by breaching his legal duty to inform the Chairman that Mr. Wilson had formally waived his constitutional right to personally appearance [sic] at his formal hearing."); *id.* ¶ 31 ("Mr. Emond maliciously, knowingly, and intentionally violated Mr. Wilson's due process rights by breaching his legal duty to notify Mr. Wilson of the committee's intention to adopt the recommendation of the Florida Board of Bar Examiners' dated July 21, 2006."). These allegations

are conclusory and do not support a finding of a lack of good faith. *See also Ashcroft v. Iqbal*, --- S.Ct. ---, 2009 WL 1361536, at * 13 (May 18, 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

None of Mr. Wilson's specific allegations show bad faith on the part of Mr. Emond. Moreover, the transcript of the CBEC hearing that Mr. Emond provided to the Court merely confirms that Mr. Emond did not act in bad faith. The entirety of Mr. Emond's participation in the CBEC hearing is as follows. The Chairperson asks Mr. Emond to confirm that Mr. Wilson did not plan on attending the hearing and Mr. Emond says "That is correct, Mr. Chairman. That's correct." Def.'s Mot. to Dismiss [doc. # 16] Ex. 3 at 3. The Chairman and Mr. Emond then have the following exchange:

> Mr. Chairman: In addition, it's my understanding he had either an incomplete application or he has not been completely candid with us in that he was denied admission in Florida.
> Mr. Emond: That's correct.
> Mr. Chairman: And he has not reported that to us?
> Mr. Emond: That's correct.

*Id.* at 4. At the end of the hearing, after the committee has made the decision to deny Mr. Wilson admission to the bar, the Chairman asks Mr. Emond if he will notify Mr. Wilson of the CBEC's decision. Mr. Emond answers "Yes." *Id.* at 5.

Suffice to say, nothing in the transcript suggests that Mr. Emond acted in bad faith. Even if Mr. Emond testified falsely – and the Court is quick to note that there is no evidence he did – there is no indication that he was motivated by animus towards Mr. Wilson or that he intended to harass or retaliate against him. Similarly, the letter Mr. Emond sent to Mr. Wilson about the hearing does not show bad faith. It simply informs Mr. Wilson of the charges against him and requests that he

contact Mr. Emond if he does not plan to attend the hearing.  *See* Def.'s Mot. to Dismiss [doc. # 16] Ex. 2.  If anything, this letter illustrates good faith on the part of Mr. Emond.  Merely stating that someone acted maliciously is not sufficient.  Therefore, Mr. Wilson's allegation that Mr. Emond acted in bad faith fails as a matter of law and no evidentiary hearing is required.

Mr. Wilson's argument that Mr. Emond does not enjoy absolute immunity also fails.  The definition of a complaining witness is a witness whose testimony serves to initiate a proceeding.  *See Sykes v. James*, 13 F.3d 515, 520 (2d Cir. 1993).  The quintessential example of a complaining witness is a police officer who gives false testimony before a grand jury.  *See, e.g.*, *White v. Frank*, 855 F.2d 956, 961 (2d Cir. 1988).  Here, Mr. Emond did not initiate Mr. Wilson's bar application.  Mr. Wilson made the decision to apply for admission to the bar, and that decision caused Mr. Wilson to be subjected to an investigation into his moral character.  Mr. Emond's testimony at the CBEC hearing was as a consequence of his function as an investigator and liaison for the CBEC, for which he enjoys quasi-judicial immunity.  He was not a complaining witness and therefore enjoys absolute witness immunity for his testimony at the CBEC hearing.

In sum, Mr. Wilson's Motion for Reconsideration [doc. # 26] is GRANTED insofar as the Court has reconsidered its decision and DENIED insofar as Mr. Wilson seeks to amend the Court's previous Ruling and Order.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: May 28, 2009.**